```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

```
BONITA SALTZMAN,
     Plaintiff,

     v.                                    CIVIL ACTION NO.
                                              11-10056-MBB
TOWN OF HANSON,
MICHAEL FINGLAS, SR.
and JEAN MARIE SMITH,
     Defendants.
```

**MEMORANDUM AND ORDER RE:
MOTION TO DISMISS FOR FAILURE TO PROSECUTE
BY DEFENDANTS TOWN OF HANSON,
MICHAEL FINGLAS, SR. AND JEAN MARIE SMITH
(DOCKET ENTRY # 9)**

**October 25, 2011**

**BOWLER, U.S.M.J.**

Pending before this court is a motion filed by defendants Town of Hanson, Michael Finglas, Sr. and Jean Marie Smith ("defendants") to dismiss the complaint. (Docket Entry # 9). Plaintiff Bonita Saltzman ("plaintiff") opposes dismissal of the complaint. (Docket Entry # 10). On July 7, 2011, this court held a hearing and took the motion (Docket Entry # 9) under advisement.

PROCEDURAL HISTORY

The five count pro se complaint sets out the following

claims against defendants: (1) a due process claim under 42 U.S.C § 1983 for refusing to produce transcripts of a municipal hearing (Count One); (2) wrongful termination (Count Two); (3) breach of the implied covenant of good faith and fair dealing (Count Three); (4) termination without just cause (Count Four); and (5) intentional infliction of emotional distress. (Count Five). Defendants seek to dismiss on all counts under Rule 41(b)(2)(B), Fed. R. Civ. P. ("Rule 41(b)(2)(B)"), because plaintiff failed to appear at two consecutive conferences before this court. (Docket Entry # 9). Defendants claim that in doing so plaintiff failed to prosecute this case.

Plaintiff submits that she never received notice of the May 3 and May 17, 2011 status conferences. (Docket Entry # 10). She maintains that her former "cohabitational partner" at her former residence in Hanson, Massachusetts intercepted her mail on several occasions. (Docket Entry # 10, Ex A). Plaintiff also attributes mail delivery errors to the failure of a postal clerk in Hanson to advise plaintiff of the proper procedure to forward mail. She denies prior knowledge of the status conferences beyond an intuitive "gut feeling" that prompted her to place a telephone call to the Clerk's Office on the day of the scheduled May 17, 2011 conference. (Docket Entry # 10).

In response, defendants submit that the "evidence" of mail delivery errors and non-receipt of notices of the status conferences is inadequate. Characterizing the arguments as "incredible," defendants point out that all of plaintiff's mail was successfully forwarded to her new address. (Docket Entry # 14). Defendants question plaintiff's claims of a "gut feeling" and awareness of the contents of mail that she denies receiving. Defendants reject plaintiff's assertion of intuition and argue that she knowingly failed to appear. (Docket Entry # 14).

In response, plaintiff asserts she is prepared to present evidence that she was experiencing difficulty receiving mail at her new address in Plymouth, Massachusetts and claims that the Hanson postmaster's "integrity" is at issue in that matter. (Docket Entry # 15). Plaintiff also defends her telephone call to this court on May 17, 2011, as the product of intuition. (Docket Entry # 15).

FACTUAL BACKGROUND

On December 16, 2010, plaintiff filed this action in Massachusetts Superior Court (Plymouth County). The complaint identifies her address as 370 Indian Head Street in Hanson, Massachusetts ("the Hanson address"). January 10, 2011,

3

defendants timely removed this action to the United States District Court, District of Massachusetts. In a March 21, 2011 response to a January 28, 2011 Memorandum and Order inquiring about consent to proceed before a magistrate judge, plaintiff explained that she had been a victim of mail theft and she was having her mail forwarded to her new address of 99 Snowgoose Lane in Plymouth, Massachusetts ("the Plymouth address") starting on March 30, 2011. (Docket Entry # 6). The response also included a copy of an online form submitted to the U.S Postal Inspection Service, which claimed that plaintiff's "cohabitational partner" intercepted the January 28, 2011 Memorandum and Order.

On April 5, 2011, this court sent an electronic notice of a scheduling conference set for May 3, 2011, to defendants and mailed notice to plaintiff at her address of record at that time, i.e., the Hanson address. Plaintiff failed to appear at the conference. The clerk notes from the conference included a warning that "failure to appear for the next conference may result in dismissal of the case." The clerk notes also noted the conference of May 17, 2011. The Clerk mailed the clerk notes for the May 3, 2011 conference to plaintiff.

On May 17, 2011, plaintiff once again failed to appear at the scheduling conference. The Clerk mailed the clerk notes for

the May 17, 2011 conference to plaintiff's newly provided address in Plymouth. Also on May 17, 2011, defendants moved to dismiss the case pursuant to Rule 41(b)(2)(B). (Docket Entry # 9).

On May 25, 2011, plaintiff filed an opposition to the motion to dismiss along with her previously submitted response to this court dated March 17, 2011, explaining that she did not receive the January 28, 2011 Memorandum and Order. (Docket Entry # 10, Ex. A). The response also included a copy of a change of address form submitted to the U.S. Post Office; a report dated May 19, 2011, filed with the Hanson Police Department regarding misplaced mail; a letter from the postmaster of Hanson confirming plaintiff's change of address; and a certified mail receipt addressed to this court dated March 21, 2011. (Docket Entry # 10, Ex. B, C, D & E).

On May 27, 2011, this court set a hearing for the motion to dismiss for June 10, 2011. (Docket Entry # 11). The Clerk mailed notice of the hearing to plaintiff at the Plymouth address. (Docket Entry # 11).

On June 15, 2011, defendants filed a reply to the opposition to the motion to dismiss. (Docket Entry # 14). Along with the reply, defendants submitted an affidavit. (Docket Entry # 14,

Ex. 1). On June 27, 2011, plaintiff filed a sur-reply. (Docket Entry # 15). Both parties appeared at the July 7, 2011 hearing.

On July 12, 2011, plaintiff submitted a motion to present rebuttal evidence to this court and provided an accompanying affidavit. This court allowed the motion on August 1, 2011. (Docket Entry # 16). Plaintiff's affidavit described mishandled pieces of mail that she received from the Hanson post office. Plaintiff averred that she had still not received notice of the May 17, 2011, status conference. (Docket Entry # 16, Ex. 1).

## DISCUSSION

Defendants argue that this case should be dismissed pursuant to Rule 41(b)(2)(B) because plaintiff repeatedly failed to appear before this court at the scheduled status conferences, despite a warning from this court that failure to appear at the May 17, 2011 conference could result in a dismissal of the case. (Docket Entry # 9). Defendants submit that plaintiff's failure to contact them, as well as her telephoning the Clerk, suggests that she was aware of the May 17, 2011 date and was intentionally absent.

Rule 41(b)(2)(B) provides that, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a

defendant may move to dismiss the action or any claim against it."  Rule 41(b)(2)(B), Fed. R. Civ. P.  It is well established that a case may generally be dismissed for lack of prosecution.  Link v. Wabash R. Co., 370 U.S. 626, 629 (1962).  Despite this broad authority to dismiss, there is a "strong policy favoring the disposition of cases on the merits."  Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988).

In determining whether a case should be dismissed, the court must attempt to "fairly balance the court's venerable authority over case management with the larger concerns of justice."  Malot v. Dorado Beach Cottages Associates, 478 F.3d 40, 43-44 (1st Cir. 2007).  "[F]airness requires that some limits be placed on" the use of dismissal as a sanction.  Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1076 (1st Cir. 1990).  Moreover, unconditional dismissal with prejudice is a "harsh" and "severe" outcome.  Enlace Mercantil, 848 F.2d at 317.  In order to justify dismissal, the failure to prosecute or comply with court orders pursuant to Rule 41 must be "extreme."  Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971).

The plaintiff may successfully argue mitigating circumstances in downplaying a characterization of extreme

conduct. Robson v. Hallenbeck, 81 F.3d 1, 3 (1st Cir. 1996). "Ordinarily, the plaintiff is given an opportunity to explain the default or argue for a lesser penalty; but . . . there is no mechanical rule." Id. (citing Link v. Wabash R. Co., 370 U.S. at 632).

The sanction of dismissal is ordinarily "reserved for cases of 'extremely protracted inaction (measured in years).'" Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). In the case at bar, "extremely protracted inaction" is lacking. The dereliction in this case spanned the dates of May 3 through May 25, 2011, a 22 day period during which plaintiff missed the two scheduled conferences. In an analogous case, Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 49 (1st Cir. 2003), the plaintiff caused a four month delay when she discharged her counsel. The First Circuit in Pomales found that the four month delay was neither long nor burdensome enough to merit dismissal. In the case at bar, the delay of less than a month is similarly neither long nor burdensome and falls well short of an extreme failure to prosecute. Furthermore, there is not a history of repeated inaction or noncompliance. See Link v. Wabash R. Co., 370 U.S. at 633.

Moreover, plaintiff's conduct does not suggest an intentional or willful failure to appear at the two status conferences. See, e.g. Richman v. Gen. Motors Corp., 437 F.2d at 197 (plaintiff did not fail to prosecute when he missed scheduling conference due to a mix-up with his attorney). Plaintiff presented evidence of a problem with her information stream, and there is no indication that she was attempting to intentionally avoid appearing before this court at the scheduled status conferences. Neither the length of time elapsed nor the circumstances under which the delay occurred rise to the "extreme" threshold.

Defendants additionally argue that because plaintiff was warned of dismissal subsequent to her May 3, 2011 failure to appear, dismissal was necessarily merited upon her failure to appear at the May 17, 2011 conference. This argument also fails. Prior warnings, while at times sufficient to justify dismissal, are not dispositive. See Malot v. Dorado Beach Cottages Associates, 478 F.3d at 45.

Defendants also claim that the telephone call plaintiff placed on May 17, 2011, suggests that she had in fact received notice of the status conference scheduled on that day. (Docket Entry # 14). This assertion is insufficient to justify

dismissal, however, because plaintiff's countervailing documentation renders defendants' position on this issue speculative. Faced with this factual uncertainty, dismissal is not warranted.

CONCLUSION

In accordance with the foregoing discussion, the motion to dismiss (Docket Entry # 9) is **DENIED**. The parties shall appear for a status conference on November 9, 2011, at 2:30 p.m.

                                            /S/ Marianne B. Bowler
                                 **MARIANNE B. BOWLER**
                                 United States Magistrate Judge